RECEIVED

SEP 15 2020

AT 8:30 ____________M
WILLIAM T. WALSH
CLERK

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*(973) 645-2700*

2018R00781
JSG/PL AGR

May 27, 2020

Kate Corrigan, Esq.
Corrigan Welbourn Stokke
4100 Newport Place
Suite 550
Newport Beach, CA 92660

Re: Plea Agreement with Kevin Dickau

Dear Ms. Corrigan: Cr. 20-783 (PGS)

This letter sets forth the plea agreement between your client, Kevin Dickau ("Dickau"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **June 17, 2020**, if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Dickau to an Information which charges Dickau with knowingly and willfully conspiring to defraud a health care benefit program, contrary to Title 18, United States Code, Section 1347, in violation of Title 18, United States Code, Section 1349. If Dickau enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dickau for his role in: (1) a scheme to defraud health care benefit programs by brokering and bribing opioid-addicted patients to enroll in drug treatment facilities for medically unnecessary treatment and services from in or about December 2017 through in or about April 2019; and (2) a scheme to receive and pay kickbacks for brokering opioid-addicted patients to recovery centers from in or about October 2018 through in or about April 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Dickau agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the

date this agreement is signed by Dickau may be commenced against Dickau, notwithstanding the expiration of the limitations period after Dickau signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Dickau agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dickau is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Dickau ultimately will receive.

Further, in addition to imposing any other penalty on Dickau, the sentencing judge: (1) will order Dickau to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Dickau to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Dickau, pursuant to 18 U.S.C. § 3555, to give notice to any victims of Dickau's offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Dickau to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Dickau be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dickau may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, Dickau agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense. This amount shall be at least $2,095,815.15.

Forfeiture

Dickau agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), he will forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1349 charged in the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7). Dickau further agrees that the value of such property will be determined at a later date, that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by the defendant, in an amount to be determined later (the "Money Judgment"). The defendant consents to the entry of an Order requiring the defendant to pay the Money Judgment and that such Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, requests for admissions, requests for production of documents, and the issuance of subpoenas.

Dickau further agrees to consent to the immediate entry of an order of forfeiture for the Forfeiture Money Judgment. Dickau waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Dickau further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Dickau fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Dickau has intentionally failed to disclose assets on his Financial Disclosure Statement, Dickau agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dickau by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dickau's activities and relevant conduct with respect to this case.

Stipulations

This Office and Dickau agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact

or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dickau from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Dickau waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Dickau understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Dickau understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dickau wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Dickau understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Dickau waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dickau. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Dickau.

No provision of this agreement shall preclude Dickau from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Dickau received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Dickau and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: JASON S. GOULD
Assistant U.S. Attorney

APPROVED:

LEE M. CORTES, JR.
Chief, Health Care Fraud Unit

I have received this letter from my attorney, Kate Corrigan, Esq. I have read it, and I understand it fully. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Kevin Dickau

Date: 6/30/20

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Kate Corrigan, Esq.

Date: 6/30/20

Plea Agreement With Kevin Dickau

Schedule A

1. This Office and Kevin Dickau agree to stipulate to the following facts:

a. Kevin Dickau's participation in the conspiracy to commit health care fraud between in or about December 2017 and in or about April 2019 caused a loss to a health care benefit program of more than $1,500,000 but less than $3,500,000.

2. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

KC 6/30/20

KP 6/30/20