2020R00999/JSG/SD/fk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Peter G. Sheridan, U.S.D.J. |
| v. | : | Crim. No. 20-783 |
| KEVIN M. DICKAU, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

WHEREAS, on or about September 15, 2020, defendant Kevin M. Dickau pleaded guilty pursuant to a plea agreement with the United States to a one-count Information, which charged him with conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count One);

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), a person convicted of healthcare fraud in violation of 18 U.S.C. § 1349, as charged in Count One of the Information, shall forfeit to the United States all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to such violation;

WHEREAS, in the plea agreement, the defendant agreed to forfeit all property the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care offense to which he agreed to plead guilty, the value of which was $309,058.70;

WHEREAS, in the plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists;

WHEREAS, the United States is therefore entitled to forfeit substitute assets in an amount not to exceed $309,058.70 (the "Money Judgment");

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS, in the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, as a result of the offense charged in Count One of the Information, to which the defendant Kevin M. Dickau has pleaded guilty, the defendant shall forfeit to the United States all property, real or personal, that constitutes or is derived, directly and indirectly, from gross proceeds the defendant obtained traceable to the health care fraud offense. The defendant having acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the gross proceeds obtained by the defendant, which was $309,058.70. A money judgment in the amount of $309,058.70 (the "Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

IT IS FURTHER ORDERED that all payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

IT IS FURTHER ORDERED that until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is

sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Assets Forfeiture Fund.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

IT IS FURTHER ORDERED that, the defendant having given his consent pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the defendant Kevin M. Dickau, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $309,058.70.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce this Order and to amend it as necessary. *See, e.g.*, Fed. R. Crim. P. 32.2(e).

ORDERED this 23 day of April, 2024.

HON. PETER G. SHERIDAN
United States District Judge

The undersigned hereby consent to the entry and form of this Order:

PHILIP R. SELLINGER
United States Attorney

By: JASON S. GOULD
Assistant United States Attorney

Dated: 4/23/24

KATE CORRIGAN, ESQ.
Attorney for Defendant
Kevin M. Dickau

Dated: 4/23/24

KEVIN M. DICKAU
Defendant

Dated: 4/23/24